PER CURIAM:
The claimant, a resident of Lesage, Cabell County, seeks to recover the amount of $64.61 for the replacement of a tire to his 1983 Chevrolet Blazer which was damaged on March 22, 1991, when his wife was driving the vehicle. One of the tires of the vehicle passed over a glass bottle on County Route 7, approximately eight-tenths of a mile from the State Route 2 intersection near Huntington in Cabell County. The tire that was damaged could not be repaired. The claimant alleges that debris was permitted to accumulate on the road surface due to the absence of a ditch line, or alternate drainage provision.
The claimant testified that he had previously notified respondent of debris washing upon the road surface on County Route 7. He stated that the source of the debris is an unidentified, privately owned garbage dump site, located in close proximity to the accident. He testified that he had notified the Department of Natural Resources of this problem, and the owner(s) of the property have made some attempt to clean up the area. However, the claimant says that with every rain, debris continues to wash upon the road. He explained that only bed springs held up with posts hold back the garbage. The garbage dump has been operated in the hollow adjoining the road some two years before this claim occurred. He stated that he has made several complaints concerning the debris washing upon the road, and he filed a formal, written complaint on March 28, 1990, with the respondent, one year prior to this incident. A copy of this complaint was introduced into evidence and appears to describe two hazards, chickens running free *115 in the road, and the road debris that is the subject of this claim. The claimant is an employee of the respondent and he stated that he informally discussed the matter with his supervisor both before and after the accident herein.
The claimant’s wife, Carol Short, testified that she too has witnessed the debris on the road. She was driving the Chevrolet Blazer when the tire was damaged by the glass bottle in the road.
The law is well settled that the creator of a nuisance is liable for economic loss. However, this claim is not against the owner of the garbage dump for causing the debris, but against the respondent for an act of omission in failing to install adequate drainage and failing to maintain the road free of surface debris. The issue then is whether the respondent had committed negligence independent of the private landowner who operates the garbage site, or as the respondent avers, whether the road debris is a superseding and intervening act of the garbage site or other causes, thus relieving the respondent of liability.
The Second Restatement of Torts §440 defines a superseding cause as:
An act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.
An intervening cause is defined by the Second Restatement of Torts §441, as:
An intervening force is one which actively operates in producing harm to another after the actor’s negligent act or omission has been committed.
The issue thus presented by the respondent’s defense of a superseding and intervening act is whether the respondent is to be liable for a later cause of independent origin, namely the bottle washing up and remaining upon the road, proximately caused by an alleged failure of the respondent to provide adequate drainage and road maintenance on Route 7.
The Court finds that but for the bottle on the road surface this accident would not have occurred. The respondent was on notice that debris would accumulate upon the road. Accordingly, the defense of a superseding and intervening cause is unpersuasive.
However, the issue of whether a drainage ditch should have been installed to ameliorate the debris problem is controlled by the decision of W.Va. Supreme Court of Appeals in Adkins v. Sims, 130 W.Va. 646 (1947), 46 S.E.2d 81 (1947), in which the Supreme Court held that the failure of the state road commissioner, in the discretion vested in him to expend limited public moneys for the construction, maintenance and repair of the public highways, does not create a moral obligation on the part of the State to compensate a person injured on such highway, allegedly resulting from such failure. The State is neither an insurer nor a guarantor of the safety *116 of persons traveling on its highways. It is the opinion of that the respondent is not negligent for failing to have constructed a drainage structure for the debris spilling onto Route 7 from the garbage dump.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.